UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JULIO NEHOMAR ROSA,

    Plaintiff,

v.                                Case No. 5:24-cv-7-TKW/MJF

CHAIR COMMITTEE ON CODES
OF CONDUCT,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Julio Nehomar Rosa, FDC #Y32426, has filed a verified complaint under 42 U.S.C. § 1983. Doc. 1. The district court should dismiss this action because Rosa is barred by 28 U.S.C. § 1915(g) from proceeding *in forma pauperis*, and Plaintiff failed to pay the filing fee.

**I. BACKGROUND**

Plaintiff is suing the Chair Committee on Codes of Conduct for violations of the First, Fifth, Sixth, Eighth, and Fourteenth Amendments. Plaintiff does not clearly state what Defendant did or did not do. Rather, he simply asserts that Defendant is responsible for the code of conduct for federal judges. *Id.* Plaintiff's remaining allegations appear to be directed at United States District Judge John E. Steele, who

purportedly made a scrivener's error in one of Plaintiff's many federal cases.[1] Doc. 1 at 5, 6.

## II. DISCUSSION

Under 28 U.S.C. § 1915(g), a prisoner is prohibited from proceeding *in forma pauperis* if the prisoner previously filed three or more actions—including appeals—that were dismissed for frivolity, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g); *see Lomax v. Ortiz-Marquez*, 590 U.S. __, 140 S. Ct. 1721, 1723 (2020). A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). But there is a narrow exception to the three-strikes rule: a prisoner who is otherwise barred from proceeding *in forma pauperis* may do so if he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004).

---

[1] Plaintiff has attempted—at least twice—to sue Judge Steele for this alleged scrivener's error. The United States District Court for the Middle District of Florida dismissed both of these cases for failure to state a plausible claim for relief and because they were frivolous. *Rosa v. Steele*, No. 2:23-cv-451-SPC-NPM (M.D. Fla. Sept. 21, 2023); *Rosa v. Steele*, No. 2:23-cv-213-JLB-KCD (M.D. Fla. Nov. 13, 2023)

Rosa has incurred at least three strikes:

- *Rosa v. Kinney*, No. 20-14401 (11th Cir. Aug. 19, 2021) (dismissing Rosa's appeal because it was frivolous);

- *Rosa v. Steele*, No. 2:23-cv-451-SPC-NPM, (M.D. Fla. Sept. 21, 2023) (dismissing Rosa's complaint as malicious, frivolous, and for failure to state a claim); and

- *Rosa v. Steele*, No. 2:23-cv-213-JLB-KCD, (M.D. Fla. Nov. 13, 2023) (dismissing Rosa's complaint as frivolous and for failure to state a claim).

In his complaint, Plaintiff acknowledged that he had incurred these strikes. Doc. 1 at 9.

Because he has incurred *at least* three strikes, Rosa may not litigate this case *in forma pauperis* unless he shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown*, 387 F.3d at 1349. To fall within this exception, Rosa's complaint must include "specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (quotation omitted). Rosa did not plausibly allege that he is under imminent danger of serious physical injury. Therefore, the District Court should dismiss this action pursuant to 28 U.S.C. § 1915(g).

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice to Rosa initiating a new case accompanied by payment of the $405.00 fee in its entirety.

2. **DIRECT** the clerk of the court to close this case file.

At Pensacola, Florida, this 23rd day of February, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**